FILED

MAR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIENNE G. JANIS, on behalf of herself, all other persons similarly situated and the general public,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>HEALTH NET, INC., a Delaware corporation, and HEALTH NET, INC. OF CALIFORNIA, a California corporation,<br><br>        Defendants - Appellants,<br><br>  and<br><br>DOES 1 through 100, inclusive,<br><br>        Defendants. | No. 12-55206<br><br>D.C. No. 5:11-cv-01214-PA-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 5, 2012
Pasadena, California

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Adrienne Janis filed a class action against Health Net, Inc. and Health Net, Inc. of California (together, "Health Net") in state court. Health Net removed to federal court. Health Net's notice of removal sufficiently alleged that 28 U.S.C. § 1332(d)'s jurisdictional requirements were met. *See* 28 U.S.C. § 1446(a). After removal, Janis moved to remand to state court, arguing that Health Net had not proved that § 1332(d)'s requirements were satisfied. Health Net opposed the motion. It submitted evidence to prove that § 1332(d)'s requirements were more likely than not met. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). The district court refused to consider Health Net's evidence because Health Net did not submit the evidence at the time it filed its notice of removal. The district court ordered the case remanded to state court. We granted Health Net's petition for permission to appeal the district court's order. *See* 28 U.S.C. § 1453(c). We reverse.

Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a "short and plain statement of the grounds for removal." Moreover, we have observed that "it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements]." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676,

690-91 (9th Cir. 2006); *see Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'") (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).

The district court erred as a matter of law and thus abused its discretion in refusing to consider Health Net's evidence. The only grounds for its refusal were that Health Net submitted the evidence after it filed its notice of removal and that the evidence was from Health Net itself rather than an admission by Janis. Neither is a valid reason for ignoring Health Net's evidence. Moreover, the district court's decision prejudiced Health Net. The evidence appears to establish that § 1332(d)'s requirements were met. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (under abuse-of-discretion standard, "[w]e must affirm the district court unless its evidentiary ruling was manifestly erroneous *and* prejudicial"); *c.f. Abrego*, 443 F.3d at 691 ("'trial court's refusal to grant [jurisdictional] discovery'" should be reversed if "'the dismissal resulted in actual and substantial prejudice to

3

the litigant'") (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)) (alteration in *Abrego*).

We reverse the district court's order remanding the case to state court, and we remand with instructions for the district court to consider the jurisdictional evidence Health Net submitted.

REVERSED and REMANDED.